**Dudley K. TERRY, and Thomas K. Terry, by his Father and Next Friend, Dudley K. Terry, Appellants,**

**v.**

**MEMPHIS STONE AND GRAVEL COMPANY, Appellee.**

**No. 12334.**

United States Court of Appeals
Sixth Circuit.

May 24, 1955.

W. Wright Mitchell, Memphis, Tenn. (Currie Drake, Milan, Tenn., on the brief); for appellants.

John R. Gilliland, Memphis, Tenn. (A. B. Pittman, Memphis, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This appeal from a judgment on the verdict of a jury in favor of the appellee company, which was defendant in the district court, has been heard and considered upon the record and upon the briefs and arguments of attorneys for the parties.

A pathetic picture is presented, in that the appellant, Major Dudley K. Terry,

has lost his wife and infant daughter and has himself sustained personal injuries, as has his three-year-old son for whom he brought this action as father and next friend. The fatal accident resulted from a collision in which Major Terry's automobile, driven by his wife without negligence on her part, had come to a stop on the highway and was struck from the rear by a truck loaded with gravel. The truck was owned by Joe Sullivan and driven by George Hyatt, neither of whom was made a party to the action brought by appellant against the Memphis Stone and Gravel Company.

The district judge overruled the motion of the appellee company for a directed verdict and submitted several issues to the jury for decision. The first question submitted was whether the truck owner was an independent contractor, or was an agent or employee of the appellee company at the time of the collision and whether he was then acting within the scope of his employment. The jury was instructed: "An agent is a person employed to perform services for another in his affairs and is, with respect to his conduct in the performance of such services, subject to the other's control or right of control." The court further charged the jury: "* * * an independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer, or others, except as to the end results of his work." This language of the charge was quoted literally from the opinion of the Supreme Court of Tennessee written by Judge Lurton (once a member of this court and later of the Supreme Court of the United States) in Powell v. Virginia Construction Co., 88 Tenn. 692, 697, 13 S.W. 691. See also, to same effect: McHarge v. M. M. Newcomer & Co., 117 Tenn. 595, 601, 602, 100 S.W. 700, 9 L.R.A.,N.S., 298; Grace v. Louisville & N. R. Co., 19 Tenn.App. 382, 89 S.W.2d 354, 357 (certiorari denied by Tennessee Supreme Court), and cases there cited or discussed; McDonald v. Dunn Construc-

tion Co., 182 Tenn. 213, 220, 185 S.W.2d 517.

The record contains substantial evidence, and indeed reveals by a preponderance of the evidence, that neither Sullivan, owner of the gravel truck that struck the Terry automobile, nor his driver was subject at the time of the accident to control by the appellee of the means and methods of performing his contract to haul gravel; but that he was manifestly an independent contractor in such operation.

Appellant, for a substantial and valuable consideration, signed a covenant not to sue the truck owner, Sullivan, or the truck driver, Hyatt. Inasmuch as the liability alleged against the appellee company rested solely upon the averment that the truck driver was the servant or agent of the appellee company for whose negligence it would be responsible upon the principle of *respondeat superior*, a covenant not to sue the truck owner and the driver—appellee's alleged agents—would necessarily release appellee. The case is clearly distinguishable from those cases in which a covenant not to sue one joint tort-feasor does not protect another joint tort-feasor from an action for damages brought against it by an injured party.

We think our conclusion in this respect is supported in principle by the doctrine of the following Tennessee authorities: Nashville Interurban Ry. Co. v. Gregory, 137 Tenn. 422, 435, 436, 193 S.W. 1053; Walters v. Eagle Indemnity Co., 166 Tenn. 383, 387, 388, 389, 61 S.W.2d 666, 88 A.L.R. 654; Raines v. Mercer, 165 Tenn. 415, 420, 55 S.W.2d 263; Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571. A more closely in point well reasoned opinion with which we are in accord, and one which we think is in consonance with the Tennessee law, is Karcher v. Burbank, 303 Mass. 303, 21 N.E.2d 542, 124 A.L.R. 1292.

Judge Boyd also submitted to the jury the issue of whether the inability of the driver to stop the truck was due to the sudden failure of its brakes to function;

and, if so, whether the mechanical defect in the brakes was latent or hidden and whether such hidden mechanical defect existed at the time of the accident without fault of the owner of the truck, or of the driver. There was some evidence from which it might be inferred that appellee's position upon this proposition is correct. It is not necessary that this particular issue be decided, however, in view of our holdings with respect to the applicability of the independent-contractor doctrine and the effect of the covenant of appellant not to sue the truck owner and his employee.

The judgment of the district court is affirmed.