Jack C. Holcomb, Plaintiff-Appellee, v. Mrs. James T. Flavin (Virginia Flavin) and Pulitzer Publishing Company, a Corporation, Defendants and Third-Party Plaintiffs-Appellants.
Olga Frank, Defendant-Appellee, v. Wilbur Barnard, Jr., Third-Party Defendant-Appellee.

Gen. No. 62–O–9.

Fourth District.

October 11, 1962.

Burroughs, Simpson & Burroughs, and Gordon Burroughs, of Edwardsville, and Emerson Baetz, of Al-

ton, for defendants and third-party plaintiffs, Flavin and Pulitzer Publishing Company, appellants.

Johnson and Ducey (Cornelius T. Ducey, of Belleville, of counsel), for third-party defendant-appellee, Wilbur Barnard, Jr.

CULBERTSON, J.

The present action originated as an action for damages for personal injuries sustained in an automobile collision by Jack C. Holcomb, as plaintiff, as against Olga Frank and Mrs. James T. Flavin, and Pulitzer Publishing Company, a Missouri Corporation, as defendants, asserting that they or two of them were employers of Wilbur Barnard, Jr., who was the driver of the vehicle involved in the collision. While Barnard was named he was not sued as a defendant. Defendants Flavin and the Pulitzer Company appeared and sought leave to bring Barnard in as a third party defendant pursuant to the terms of the Illinois Statutes (1961 Illinois Revised Statutes, Chapter 110, Section 25). Such leave was first granted and the said defendants filed their respective third party complaints and caused summons to be issued. After Barnard appeared he moved to dismiss the third party complaints and plaintiff joined him in a similar motion. The Court heard the motions and allowed them, dismissing the third party complaints. The order of dismissal was entered November 14, 1960. On December 5, 1960, the third party complainants filed a motion to reconsider and vacate the Court's ruling. The Court, on January 18, 1962, denied such motion and again reaffirmed the order entered on November 14, 1960. On March 13, 1962, within a period of sixty days after disposition of the motion to vacate and reconsider, notice of appeal was filed.

The pleadings in the cause raise the issues for determination in that the third party complaints specifically assert that if Barnard was the agent of the

360

complainants they would be entitled to recover over as against Barnard. On appeal in this Court the appellants assert that the dismissal of the third party complaints must be reversed because the appellants had an absolute right, not subject to discretion on part of the lower Court, to file and prosecute their claim or cause of action against Barnard to recover any damages which might be awarded against them under the doctrine of respondeat superior for his negligent acts, and that this right was clearly enforcible under the third party procedure authorized by the statutory provisions referred to in this State. Appellee asserts that the appeal was not timely and should have been taken from the order of November 14, 1960.

■ In connection with the contention as to the failure to file notice of appeal within sixty days after the November 14 order, a motion to rehear or reconsider, or vacate, in a non-jury case formerly did not suspend the running of appeal time (Atlas Finishing Co. v. Anderson, 336 Ill App 167, 83 NE2d 177). The provisions of Chapter 110, Section 68.3, 1961 Illinois Revised Statutes, providing "a motion filed in apt time stays execution, and the time for appeal from the decree or judgment does not begin to run until the Court rules upon the motion," now eliminates the trap for the unwary which had existed, and the appeal in the instant case was clearly taken within the proper time.

■ The basic issue in the case before us, however, relates to the question as to whether Barnard could be construed to be an active joint tort-feasor in the sense which would prevent action for contribution by the third party complainants (Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590). A master, not guilty of active participation in a tort may recover against his servant the amount which the master is required to pay for damages to a third person by reason of the servant's tort (Meece v. Hol-

361

land Furnace Co., 269 Ill App 164, 169; Purple Swan Safety Coach Lines v. Egyptian Transp. Co., 256 Ill App 442, 444). While the Illinois Act authorizing the third party complaint specifically provides that nothing in the Act creates any substantive right to contribute among tort-feasors, such provision obviously relates to joint tort-feasors, that is, those whose concurrent acts of omissions combine to cause the injury. If a master is active with the servant there may be a situation of joint tort-feasors involving a master and servant. The acts or omissions involved in the case before us, however, refer only to acts done by the servant, or the master by and through the servant. The ground of responsibility is solely that of respondeat superior. Such being the case, it is obvious that the complainants would have a right, if found responsible and required to pay, to recover against their servant. Under the third party practice this right is sanctioned without separate litigation under the terms of the statutory provisions referred to. The prohibition against recovery from the other tort-feasor who was the agent, is not prohibited as a matter of law in this State (Gulf, M. & O. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783). Contribution among tort-feasors is permissible and can be enforced so long as the parties do not stand in pari delicto (Bohannon v. Joseph T. Ryerson & Son, Inc., 16 Ill App2d 402, 148 NE2d 602).

It is apparent then that the judgment order entered below dismissing the third party complaints was improper and should be reversed. This cause will, therefore, be reversed, and the Circuit Court of Madison County is directed to reinstate the pleadings and proceed in accordance with the views expressed in this opinion.

Reversed and remanded, with directions.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.