148 So.2d 89 (1962)
CANAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Louis Nelson WASCOM et al., Defendants-Appellants.
No. 5646.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
Rehearing Denied December 14, 1962.
Richardson & Gallaspy and Seal, Mitchell & Lee, by John N. Gallaspy, Bogalusa, for appellants.
Durrett, Hardin, Hunter, Dameron & Fritchie, by Roger M. Fritchie, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
*90 ELLIS, Judge.
This is a concursus proceeding brought by Canal Insurance Company and based on the following circumstances:
On September 9, 1959, a truck owned by Henry E. Blackwell and operated by Willie E. Jenkins was involved in a collision with an automobile owned and operated by Elmer Lloyd, deceased. As a result of the collision, Elmer Lloyd, Joseph B. Hope, Leland Henley and Ernest R. Sumrall were killed and Louis Wascom Jr. was seriously injured.
Canal Insurance Company, appellee, provided the primary insurance coverage on the truck owned by Henry E. Blackwell and operated by Willie E. Jenkins. Suits were subsequently filed by the survivors of the parties killed in the above accident and by Louis Nelson Wascom, stating, among other averments a cause of action against Willie E. Jenkins, Henry E. Blackwell, Canal Insurance Company, Trucks, Inc., T. L. James and Company, Inc., General Motors Corporation, Bickham Motors, Inc., and various other parties, including several insurers. These allegations included averments that Jenkins, the operator of the truck, was in fact an agent or employee of Trucks, Inc. and T. L. James and Company, Inc., and that, therefore, under the principle of respondeat superior, these latter parties (among others) are responsible for Willie E. Jenkins' negligence. The total amount of damages claimed in these suits for personal injury, wrongful death, and expenses exceeded three million dollars.
Canal Insurance Company as Willie E. Jenkins' primary insurer, brought this concursus action, depositing Twelve Thousand Three Hundred Ninety Three and 15/100 ($12,393.15) Dollars, the amount of its alleged maximum liability as principal and interest; and further sought a declaratory judgment as to its rights, obligations and liabilities under its liability insurance policy to each and all of its several named defendants, as well as an injunction against each and all defendants restraining them from instituting any further proceedings in connection with any claim or claims which they might have against Canal Insurance Company under its policy of insurance and arising out of the accident of September 9, 1959. The District Court rendered judgment in favor of Canal Insurance Company permanently enjoining the defendants from taking any further action or proceeding whatsoever against plaintiff (Canal Insurance Company) in any or all of the suits filed in the Twenty-second Judicial District Court for the damages allegedly resulting from the accident. The District Court further ordered the sum of $12,393.15 deposited by plaintiff for the account of defendants be accepted and held by the Clerk of Court in escrow, for the benefit of one or more or all of the plaintiffs in the personal injury, property damage and wrongful death suits pending. The Court also determined that the aforesaid sum was the entire amount due by plaintiff to any of the defendants under the terms of its liability policy, with a recognition of the continuing obligation of plaintiff, Canal Insurance Company, to pay according to the terms and conditions of its liability insurance policy such Court costs arising out of the accident above described which might be assessed against any and all persons insured by the plaintiff, together with the continuing obligation of the plaintiff to furnish defense in litigation arising out of the accident to any and all persons, firms, or corporations who were insured under its policy.
From this judgment defendants, Louis Nelson Wascom, Mrs. Ernest R. Sumrall, Mrs. Eula Pettit Henley, individually and as tutrix of her minor child, Michael Elbert Henley, Mrs. Cleta L. Heinkle, individually and on behalf of her minor child, James Frederick Lloyd, Mrs. Dorothy Rawls Lloyd, individually and on behalf of her minor children, Larry Michael Lloyd and Raymond Christopher Lloyd, have taken this appeal.
Appellants contend that the District Court is in error in discharging Canal Insurance *91 Company on the premise that the rule stated by the Louisiana Supreme Court in Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (December 12, 1960), could conceivably be applied by analogy to this case, so as to expose appellants (claimants in the death and personal injury actions) to a plea of res judicata or some comparative exception, which if sustained would bar appellants from further action against the other defendants in the death and personal injury suits.
The theory set out by appellants is that any release of Canal Insurance Company might effect a release of Willie E. Jenkins, the party primarily liable, Henry E. Blackwell, his Employer and party secondarily liable, and Trucks, Inc. and T. L. James and Company, Inc., possible principals or employers also of Willie E. Jenkins.
A review of the law as set out in the Marionneaux case, the cases cited therein, and the Code articles reveals that the liability of a master for damages caused by his servant's negligence rests solely on the principle of respondeat superior and is derivative or secondary in all cases where the master himself is not at fault. Different from the common law, the master is not considered a joint tort feasor with his servant, and he is entitled to reimbursement from his servant in the event he is required to pay damages to a third party resulting from the servant's negligence. A person injured by a servant's negligence has one cause of action and one cause of action only to recover for the damages he has sustained, and the release of the servant effects the release of the employer even though the act of release purports to reserve all rights as against the employer.
In the Marionneaux case, the servant, Blanchard, injured a third party, Williams, who negotiated a settlement with Blanchard (the servant) and Blanchard's insurer and executed a release in Blanchard's favor. The release contained a provision wherein the third party covenanted to indemnify and save Blanchard (the servant) and his insurer harmless for all claims, etc., in any way growing out of the accident both to persons and property, together with a purported reservation by the plaintiff of all his rights against Marionneaux (the defendant employer) and Marionneaux's insurer. In a subsequent suit by the plaintiff (Williams) against Marionneaux and his insurer, the Supreme Court sustained an exception of no cause of action pointing out that since the liability of the master in this type of case is purely derivative, he is entitled to reimbursement from his servant, who is primarily responsible, in the event of servant's negligence requires the master to pay damages. In view of the hold harmless agreement, if Williams were to recover from Marionneaux, the employer, and Marionneaux then enforced the legal indemnity owed him by his servant (Blanchard) then Williams, in turn, would have to compensate Blanchard whom he has agreed to hold harmless, thus creating what the court described as "consequences of a most unseemly nature".
A close examination of the judgment appealed from in the present case clearly distinguishes it from the matter presented to the Court in the Marionneaux case. The lower court in accordance with the terms of the insurance policy of Canal Insurance Company, fixed the liability in principal and interest of aforesaid Canal at $12,393.15 and allowed that money to be deposited in escrow for the benefit of the plaintiffs in the personal injury, property damage and wrongful death suits. The continuing obligation of Canal Insurance Company to pay according to the terms of its liability insurance policy Court costs and the continuing obligation of Canal Insurance Company to furnish defense in litigation arising out of the accident to any insured under its policy were recognized. The defendants (plaintiffs in the personal injury action and some of the defendants therein) were permanently enjoined from taking any further action or proceeding against Canal Insurance Company in any or all the suits then pending.
*92 At no place in the judgment do we find a release of Canal Insurance Company, only a recognition and fixing of the limits of liability. The continuing obligation of Canal to furnish a defense to its insureds and to pay the court costs for which it may be contractually liable is specifically recognized by the judgment. We do not feel that this in any way could be interpreted as a release of the other defendants in the personal injury and wrongful death action since it is not in effect a complete release of Canal, but only a determination of maximum liability to all of the plaintiffs in the various actions as to principal and interest.
For the above reason the judgment appealed from is affirmed.
Affirmed.