REID, Judge.
This is a concursus proceeding brought by Travelers Insurance Company and involving the same legal question presented to this Court in the recently decided case of Canal Insurance Company v. Wascom et al., La.App., 148 So.2d 89.
On September 9, 1959 a truck owned by Henry E. Blackwell and operated by Willie E. Jenkins collided with an automobile owned and operated by Elmer Lloyd. As a result of the collision Elmer Lloyd, Joseph B. Hope, Leland Henley and Ernest R. Sumrall were killed and Louis Wascom Jr., was seriously injured.
Suits were filed by the survivors of the parties killed in the accident and by Louis Nelson Wascom against Willie E. Jenkins, Henry E. Blackwell, Canal Insurance Company, the primary insurer of the Blackwell vehicle, The Travelers Insurance Company, the excess insurer of the Blackwell vehicle, Trucks, Inc., T. L. James and Company, Inc., General Motors Corporation, Bickham Motors, Inc. and various other parties, including several insurers. It was alleged that Jenkins, the operator of the truck, was in fact an agent or employee of Trucks, Inc., and T. L. James and Company, Inc., and that, therefore, under the principle of respondeat superior, these parties, among others, are responsible for Willie E. Jenkins’ negligence. The total amount of damages claimed in these suits for personal injury, wrongful death, and expenses exceeded three million dollars.
The Travelers Insurance Company, as insurer of Trucks, Inc., brought this concur-sus action, depositing the sum of $30,458.30 in the registry of the Court, its alleged policy limits plus interest, praying for a declaratory judgment as to its liability, under its liability insurance policy, to each of the defendants. In addition it prayed for an injunction against defendants, restraining them from instituting further proceedings in connection with any claims they might have against it under its policy of insurance and arising out of the accident of September 9, 1959. The District Court rendered judgment in favor of The Travelers Insurance Company permanently enjoining defendants from taking further action or proceeding against the Company in any of the suits filed in the Twenty-Second Judicial District Court for damages allegedly resulting from the accident, and further ordering that judgment be rendered in favor of The Travelers Insurance Company and against defendants decreeing the $30,458.30 deposited in the Court be the entire amount due by plaintiff, The Travelers Insurance Company, to the defendants under the terms of its liability policy, resulting from the accident of September 9, 1959, and further decreeing:
“ * * * in the event of the failure or insolvency of defendant, Canal Insurance Company, then, and in that event only, The Travelers Insurance Company shall have the continuing obligation to pay according to the terms and conditions of its liability policy filed herein, such Court costs in any and all legal proceedings arising out of the accident above described, which may be assessed against any and all persons, firms or corporations insured by said defendant under its liability policy number SLA 4738449, together with the continuing obligation of said defend *13 ant to furnish a defense in litigation arising out of the accident above described to any and all persons, firms or corporations who are insured under its said policy in any action or actions covered by its policy and arising out of the above described accident, all in accordance with the terms and conditions of the liability insurance policy of said defendant, being policy number SLA 4738449.”
From this judgment defendants, Emily O’Bach Hope, individually and on behalf of her minor children, Allen Hope, Marvin Hope and Michael Hope; Louis Nelson Wascom; Mrs. Ernest R. Sumrall; Mrs. Eula Pettit Henley, individually and on behalf of the minor, Michael Elbert Henley; Mrs. Dorothy Rawls Lloyd, individually and on behalf of the minors Larry Michael Lloyd and Raymond C. Lloyd; Mrs. Eleta L. Heinkel as tutrix of the minor James Frederick Lloyd, have taken this appeal.
Appellants’ contention is the same as that raised in the Canal case in that the District Court was in error in discharging The Travelers Insurance Company on the theory that the rule stated by the Louisiana Supreme Court in Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960) is applicable to this case, thereby exposing appellants to a plea of res judicata which, if sustained, would bar appellants from further action against the other defendants in the death and personal injury suits. Appellants • contend the discharge of Jenkins’ excess insurer, herein, which is solidarily liable with Jenkins, might effect the discharge of Jenkins, the party primarily liable, Henry E. Blackwell, his employer and party secondarily liable, and Trucks, Inc., and T. L. James and Company, Inc., possible principals or employers of the said Willie E. Jenkins, even if the judgment were so worded as to endeavor to reserve all rights against all parties except Travelers.
The facts of this case are similar to those set forth in Canal Insurance Company v. Wascom et al., supra with the exception that the plaintiff-appellee, Travelers Insurance Company, is the excess carrier while the Canal Insurance Company is the primary carrier, and, therefore, our opinion in the Canal Insurance Company case is applicable herein. In that case this Court held:
“A close examination of the judgment appealed from in the present case clearly distinguishes it from the matter presented to the Court in the Marionneaux case. The lower court in accordance with the terms of the insurance policy of Canal Insurance Company, fixed the liability in principal and interest of aforesaid Canal at $12,393.15 and allowed that money to be deposited in escrow for the benefit of the plaintiffs in the personal injury, property damage and wrongful death suits. The continuing obligation of Canal Insurance Company to pay according to the terms of its liability insurance policy Court costs and the continuing obligation of Canal Insurance Company to furnish defense in litigation arising out of the accident to any insured under its policy were recognized. The defendants (plaintiffs in the personal injury action and some of the defendants therein) were permanently enjoined from taking any further action or proceeding against Canal Insurance Company in any or all the suits then pending.
“At no place in the judgment do we find a release of Canal Insurance Company, only a recognition and fixing of the limits of liability. The continuing obligation of Canal to furnish a defense to its insureds and to pay the court costs for which it may be contractually liable is specifically recognized by the judgment. We do not feel that this in any way could be interpreted as a release of the other defendants in the personal injury and wrongful death action since it is not in effect a complete release of Canal, but only a determination of maximum liability to all of the plaintiffs *14 in the various actions as to principal and interest.
“For the above reason the judgment appealed from is affirmed.”
In the present case we have the same situation with the exception that the obligation of The Travelers Insurance Company to furnish a defense to its insureds and to pay the Court costs for which it may be contractually liable is contingent upon the failure or insolvency of Canal Insurance Company. Wc, therefore, are of the opinion that the judgment of the Trial Court in this matter should be affirmed at the cost of The Travelers Insurance Company.
Affirmed.