Jack C. Holcomb, Plaintiff-Appellant, v. Mrs. James T. Flavin, Olga Frank and Pulitzer Publishing Co., a Corporation, Defendants, Appellees.

Gen. No. 65–4.

Fifth District.

September 14, 1965.

Wiseman, Hallett, Mosele & Shaikewitz, of Alton, for appellant.

Burroughs, Simpson and Burroughs, Gordon Burroughs, of Edwardsville, for Pulitzer Publishing Co., appellee, and Emerson Baetz, of Alton, for Flavin, appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Madison County, entered upon allowance of motions for summary judgment filed by the defendants Flavin, and Pulitzer Publishing Co., hereinafter called Pulitzer. A proper presentation of the issues requires a brief history of this litigation.

On June 7, 1958 plaintiff suffered injuries as the result of a collision between automobiles driven by plaintiff, and Wilbur Barnard, Jr. Plaintiff filed suit against Barnard in the Circuit Court of Madison County. On October 30, 1959, upon payment to him of the

sum of $16,000, plaintiff executed a covenant not to sue Barnard, and in compliance with the terms of the covenant, dismissed the above described suit.

On February 5, 1960, plaintiff filed suit against the defendants, Flavin, Frank and Pulitzer. The complaint does not charge active negligence on the part of these defendants, the action being predicated upon the theory that Barnard, at the time of the occurrence, was the agent, servant or employee of the defendants. Defendants filed separate answers, denying the material allegations of the complaint. In addition to the denials, defendants Flavin and Pulitzer, as additional defenses, pleaded the execution of the covenant not to sue, that the covenant released plaintiff's cause of action as to them, and might bar their third party actions for indemnity against Barnard.

Defendants, Flavin and Pulitzer, also filed third party complaints against Barnard. Barnard and plaintiff filed separate motions to dismiss the third party complaints, the motions were allowed, and the defendants appealed to this court. (Then the Fourth District.) This court reversed the judgment, remanded the case, and ordered the third party complaints reinstated. Holcomb v. Flavin, 37 Ill App2d 359, 185 NE2d 716.

Prior to the court's dismissal of the third party complaints, defendant, Frank, filed a motion for summary judgment. Subsequent to remandment, the third party defendant, Barnard, filed a motion seeking the following relief, (a) a summary judgment on the principal case (b) an order enjoining plaintiff from further proceedings against the defendants. These motions were argued and denied.

The case came on for trial, a jury was selected, some evidence taken, when for reasons not material here,

defendants' several motions for mistrial were allowed. Approximately 30 days after the mistrial, the defendants Flavin and Pulitzer filed motions for summary judgment. These motions state that the liability of these defendants, if any, is derivative, arises from Barnard's actions or omissions through the doctrine of respondeat superior, that defendants, if held liable, can recover over against Barnard, that the covenant not to sue has the effect of discharging Barnard, the employee or agent, and under the law, discharges these defendants, the employers or principals. The court heard argument and entered an order wherein it found that there was no genuine triable issue of fact, that the covenant releases Barnard, and since the liability of these defendants is derivative or secondary, resting solely on the doctrine of respondeat superior, the covenant extinguishes the cause of action against these defendants. The court thereupon entered judgment in favor of the defendants Flavin and Pulitzer, in bar of suit, and for costs. This appeal followed.

Since all parties have construed the agreement to be a covenant not to sue, the sole issue before this court is whether the execution of a covenant not to sue an agent or servant, serves to extinguish a claim against his principal or employer, whose liability, if any, arises under the doctrine of respondeat superior.

Counsel have not cited, nor has this court found, any Illinois case in which an appellate court has considered the precise question here presented. Upon entering its judgment order, the trial court filed a comprehensive opinion wherein it reviewed a number of cases from other jurisdictions, in which the specific issue was considered and decided. In its decision it relied upon Simpson v. Townsley (CA–10) 283 F2d 743, 92 ALR2d 526, which followed the law of Kansas; Bacon v. United States (CA–8) 321 F2d 880, and Max v. Spaeth, 349 SW2d 1, both of which involve the law of

Missouri; Terry v. Memphis Stone & Gravel Co., (CA–6) 222 F2d 652, and Stewart v. Craig, 344 SW2d 761, decided under the law of Tennessee. The essence of these opinions is that the exoneration or absolution of the employee, or agent, removes the basis for an action against the master.

■ We differ with the conclusion reached by the trial court. The fallacy common to the cases above cited is best illustrated by the language of the opinion in Bacon v. United States (supra) wherein the court at page 884, stated that when the servant is not liable, the master should not be liable, and that it matters little how the servant was released from liability. In our opinion it matters greatly how the servant's liability was extinguished. Where the master's liability rests solely on respondeat superior, if the servant is exonerated by trial on the merits, then, of course, the master cannot be held liable, but there is no logical or legal basis for extending the rule to situations where a servant terminates his liability by obtaining a covenant not to sue. This difference is clearly demonstrated in the well reasoned opinion of the District Court of Appeal of California in Ellis v. Jewett Rhodes Motor Co., 29 Cal App2d 395, 84 P2d 791, wherein the court held that the covenant served to bar any further action against the covenantee, and did not exonerate the principal whose liability was predicated upon the doctrine of respondeat superior. To the same effect are Boucner v. Thomsen (Michigan Supreme Court), 43 NW2d 866, 20 ALR2d 1038; Gomez v. City Transp. Co. of Dallas, 262 SW2d 417; and Wilson v. City of New York, 131 NYS2d 47.

■ ■ In each of the above cases the covenantor specifically reserved the right to proceed against the master or principal. Defendants, in their brief, make reference to the fact that there is no such reservation in the covenant here involved, but do not contend that

the document is a release, rather than a covenant. The absence of a reservation of the right to sue the employer is not here material for the reason that the legal effect of a covenant not to sue is not to release the covenantee but to bar further action against him. City of Chicago v. Babcock, 143 Ill 358, 32 NE 271.

Defendants state that in its prior opinion (Holcomb v. Flavin, supra) this court held that a master, not guilty of active participation in a tort, may recover against his servant, the amount which the master is required to pay for damages to a third person by reason of the servant's tort. They further point out that the covenant provides that it may be pleaded as a complete defense to any action or proceeding which might be brought by plaintiff. They argue that it follows from these premises, that plaintiff may not sue defendants, since he is conclusively presumed to know that if he recovers from defendants, Barnard would be subjected to an action by defendants, based upon the identical claim in respect to which he had bought his peace from plaintiff. This same contention was considered by the Supreme Court of Michigan in Boucher v. Thomsen (supra). In that case the plaintiff had been paid a sum of money on behalf of Plemel and Thomsen, respectively, the operator of a garage, and his employee. The plaintiff sued one Franck, owner of the car, which at the time of the occurrence was being test driven by Plemel, after being repaired in Thomsen's garage. It was admitted that Franck's liability was derivative, as owner of the car, based on a Michigan statute, and not predicated on any negligence on his part.

The court, at page 870, said "The express language of the covenant leaves no question as to what the parties thereto actually intended. If liability on the part of defendant Franck is enforced, he may assert, and perhaps maintain, a claim that he is entitled to

reimbursement from Thomsen and Plemel. As before pointed out, it must be assumed that the parties to the covenant had such possible situation in mind when they executed their agreement. We are not entitled to speculate as to their reasons or motives in the matter, but they have not sought to void the undertaking and presumably it is in accordance with their deliberate conclusions as to the proper course to follow. It is our conclusion that the covenant may not be given the effect of precluding the prosecution of the action against the defendant Franck."

Barnard, at the time of paying the money in exchange for the covenant not to sue is likewise presumed to know that if plaintiff recovered from defendants, they, in turn, would seek indemnity from him. If he sought to avert this possibility, he should have required plaintiff to agree that he would not seek damages from defendants. As was stated above, the instrument is a covenant, not a release, and its legal effect is not to release either the defendants or Barnard, but to bar legal action against the covenantee. City of Chicago v. Babcock, 143 Ill 358, 32 NE 271.

The judgment of the Circuit Court of Madison County is reversed and the cause remanded for further proceedings, consistent with this opinion.

Judgment reversed.

EBERSPACHER, P. J. and MORAN, J., concur.