(No. 39602.—

JACK C. HOLCOMB, Appellee, *vs.* VIRGINIA L. FLAVIN *et al.,* Appellants.

*Opinion filed May 23, 1966.*

WEISEMAN, HALLETT, MOSELE AND SHAIKEWITZ, of Alton, for appellants.

BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, and EMERSON BAETZ, of Alton, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Plaintiff Jack C. Holcomb appealed to the Appellate Court, Fifth District, from a judgment of the circuit court of Madison County entered upon the granting of motions for summary judgment filed by defendants, Virginia Flavin and Pulitzer Publishing Company. The appellate court reversed the judgment of the trial court and remanded the cause for further proceedings. (*Holcomb* v. *Flavin,* 62 Ill. App. 2d 245.) The defendants petitioned for leave to appeal which was granted. As this case has been to the appellate court twice, it is necessary to set forth the chronology of events.

Plaintiff suffered an injury as a result of a collision between his automobile and one driven by Wilbur Barnard, Jr. on June 7, 1958. Plaintiff filed suit against Barnard in the circuit court of Madison County, but upon payment of $16,000 plaintiff executed a covenant not to sue Barnard and dismissed the suit. Thereafter on February 5, 1960, plaintiff filed suit against the defendants, Flavin, Pulitzer Publishing Company, and Olga Frank, alleging that they were employers of Barnard who was the driver of the vehicle involved in the collision. The complaint did not charge active negligence on the part of the defendants, but was drawn on the theory that Barnard at the time of the occurrence was the agent, servant or employee of the defendants. The defendants filed answers denying the allega-

tions of the complaint, and as additional defenses pleaded the execution of the covenant not to sue, stating the covenant released plaintiff's cause of action as to them.

Defendants Flavin and Pulitzer also filed third-party complaints against Barnard. Both Barnard and plaintiff filed motions to dismiss the third-party complaints and upon allowance of the motions the defendants appealed to the appellate court of the then Fourth District. (*Holcomb* v. *Flavin,* 37 Ill. App. 2d 359.) The appellate court held that the acts and omissions alleged were only those of the servant and, therefore, the basis of the responsibility of the defendants is solely that of *respondeat superior.* The court therefore concluded that the judgment order entered below dismissing the third-party complaints was improper, reversed the decision of the trial court and remanded with directions to reinstate the third-party complaints.

Prior to the trial court's dismissal of the third-party complaints and the subsequent appeal, defendant Frank had filed a motion for summary judgment which was still pending. After the remandment, the third-party defendant Barnard also filed a motion for summary judgment and asked that an order be entered enjoining the plaintiff from further proceeding against the defendants. These motions were denied. The trial commenced but was terminated by the granting of a mistrial for reasons not material here.

Thereafter defendants Flavin and Pulitzer filed motions for summary judgment on the ground that their liability, if any, is derivative, arising from Barnard's acts or omissions through the doctrine of *respondeat superior;* that the defendants, if held liable, can recover over against Barnard, and that the covenant not to sue has the effect of discharging Barnard, the employee or agent, and also discharging these defendants as employers. The trial court granted the motion, holding that since the liability of the defendants is derivative or secondary, resting solely on the doctrine of *respondeat superior,* the covenant extinguishes the cause of

action against these defendants. Judgment was thereupon entered in favor of these defendants.

On appeal from that judgment the Appellate Court, Fifth District, (*Holcomb* v. *Flavin,* 62 Ill. App. 2d 245,) correctly stated the issue as follows: "Since all parties have construed the agreement to be a covenant not to sue, the sole issue before this court is whether the execution of a covenant not to sue an agent or servant, serves to extinguish a claim against his principal or employer, whose liability, if any, arises under the doctrine of respondeat superior." The appellate court reversed the trial court and remanded the cause on the ground that the legal effect of the covenant involved is not to release either the defendants or Barnard but only to bar legal action against the covenantee.

In its opinion the appellate court stated:

"We differ with the conclusion reached by the trial court. The fallacy common to the cases above cited [referring to the cases cited in the trial judge's opinion] is best illustrated by the language of the opinion in *Bacon* v. *United States* [321 F.2d 880] wherein the court at page 884, stated that when the servant is not liable, the master should not be liable and that it matters little how the servant was released from liability. In our opinion it matters greatly how the servant's liability was extinguished. Where the master's liability rests solely on respondeat superior, if the servant is exonerated by trial on the merits, then, of course, the master cannot be held liable, but there is no logical or legal basis for extending the rule to situations where a servant terminates his liability by obtaining a covenant not to sue. This difference is clearly demonstrated in the well reasoned opinion of the District Court of Appeal of California in *Ellis* v. *Jewett Rhodes Motor Co.* 29 Cal. App. 2d 395, 84 P.2d 791, wherein the court held that the covenant served to bar any further action against the covenantee, and did not exonerate the principal whose liability was predicated upon the doctrine of respondeat superior. To the same effect

are *Boucher* v. *Thomsen* (Michigan Supreme Court), 43 N.W.2d 866, 20 A.L.R.2d 1038; *Gomez* v. *City Transp. Co. of Dallas,* 262 S.W.2d 417; and *Wilson* v. *City of New York,* 131 N.Y.S.2d 47.

"In each of the above cases the covenantor specifically reserved the right to proceed against the master or principal. Defendants, in their brief, make reference to the fact that there is no such reservation in the covenant here involved, but do not contend that the document is a release, rather than a covenant. The absence of a reservation of the right to sue the employer is not here material for the reason that the legal effect of a covenant not to sue is not to release the covenantee but to bar further action against him. *City of Chicago* v. *Babcock,* 143 Ill. 358.

\* \* \*

"Barnard, at the time of paying the money in exchange for the covenant not to sue is likewise presumed to know that if plaintiff recovered from defendants, they, in turn, would seek indemnity from him. If he sought to avert this possibility, he should have required plaintiff to agree that he would not seek damages from defendants. As was stated above, the instrument is a covenant, not a release, and its legal effect is not to release either the defendants or Barnard, but to bar legal action against the covenantee. *City of Chicago* v. *Babcock,* 143 Ill. 358."

No Illinois case has been cited nor has the appellate court or this court found an Illinois decision considering the precise question presented here. As pointed out in its opinion, four of the cases cited by the appellate court in support of its conclusion involved covenants containing specific reservations of the right to proceed against the master.

The only Illinois case relied upon by the appellate court, *City of Chicago* v. *Babcock,* 143 Ill. 358, merely announced the well recognized doctrine that a covenant not to sue did not release a joint tort-feasor. Additional cases have been cited on this appeal but they concern covenants with the

master and not with the servant, and are obviously inapposite here since the liability of the master is derivative while the liability of the servant is primary and direct. The master's action over against the servant is clearly unavailable to the servant who commits the wrong.

The covenant herein is a standard covenant not to sue containing no reservations of rights against others and provides that "this instrument is and shall be construed as a covenant not to sue as distinguished from a release." No mention is made in the covenant of the defendants in this suit.

The appellate court specifically rejected the view recognized by a number of cases from other jurisdictions. In those cases the courts, although recognizing the distinction between a release and a covenant not to sue as applied to joint tort-feasors generally, have taken the view that where the only liability of a master or principal arises under the doctrine of *respondeat superior,* the injured person's covenant not to sue the servant operates to release the master or principal from liability. The rationale of these cases is based either upon the theory that such a result will avoid circuity of action or that since the liability of the master or principal is merely derivative and secondary, exoneration of the servant removes the foundation upon which to impute negligence to the master or principal. Anno: 92 A.L.R.2d 552, *et seq.*

A leading case on the subject is *Karcher v. Burbank,* 303 Mass. 303, 21 N.E.2d 542, where the court stated:

"The company's [employer's] liability is of a derivative or secondary character, resting solely upon the doctrine of respondeat superior. *Pangburn* v. *Buick Motor Co.* 211 N.Y. 228, 234, 105 N.E. 423. The company was, in effect, the plaintiff's [employee's] surety, and could, therefore, recover over against him if compelled to pay damages for his negligence while he was acting as its agent within the scope of his authority. *Kramer* v. *Morgan,* (2d cir.) 85

F.2d 96. See *Pittsley* v. *Allen,* (Mass.), 7 N.E.2d 442. It is a principle of the law of suretyship that a release or covenant not to sue the person known by the covenantor to be the principal will discharge the surety."

A similar view was taken by the Court of Appeals for the Eighth Circuit in *Bacon* v. *United States,* 321 F.2d 880, where the court said:

· "As the Missouri Supreme Court said in *Max* v. *Spaeth,* 349 S.W.2d 1, the master's liability under the doctrine of respondeat superior is based not on his own misdeeds, but those of his servant, and 'therefore, when the servant is not liable, the master for whom he was acting at the time should not be liable.' It matters little how the servant was released from liability; as long as he is free from harm, it appears to us that the master should also be blameless" (covenant not to sue executed by tort victim in favor of servant tortfeasor).

To the same effect are the holdings in *Simpson* v. *Townsley,* (10th cir.) 283 F.2d 743, 92 A.L.R. 2d 526, and *Terry* v. *Memphis Stone & Gravel Co.* (6th cir.) 222 F.2d 652.

In *Stewart* v. *Craig,* 208 Tenn. 212, 344 S.W.2d 761, the court in a similar situation involving a covenant not to sue the servant pointed out that if a judgment were obtained against the employer based upon the employee's negligence, the employer would be entitled to sue the employee and obtain the same judgment against him. Since the plaintiff had given the employee the covenant not to sue, the employee would be then entitled to judgment against the plaintiff as was originally obtained in the action against the employee, thus completing the circuit and the parties would come out in the same position as when they started. The court, therefore, held that a covenant not to sue the servant extinguishes the cause of action against the wrongdoer and therefore extinguishes the cause of action against his superior.

See also *Land* v. *United States* (D.C. Okla.), 231 F.

Supp. 883, 885; *Max* v. *Spaeth* (Mo. Sup.), 349 S.W.2d 1, 6; *Jacobson* v. *Parrill,* 186 Kan. 467, 351 P.2d 194, 196; *Barsh* v. *Mullins* (Okla.), 338 P.2d 845, 848; *Bergeron* v. *Gifford-Hill* (La.), 137 S. 2d 89, 90; *Canal Insurance* v. *Wascom* (La.), 148 So. 2d 89, 90; *Smith* v. *South and Western R. Co.* 151 N.C. 479, 66 S.E. 435; *Kelly* v. *Ford Motor Company,* 104 Ohio App. 185, 139 N.E.2d 99.

In the case at bar the trial court recognized that if the defendants would have to respond in damages, they could sue their alleged employee, the covenantee, for the amount they had to pay. The employee would then have to respond in the very damages which the covenant was supposed to guard against. The contrary result reached by the appellate court herein would certainly involve an undesirable circuity and multiplicity of actions.

The appellate court stated that when Barnard paid for the covenant, he is presumed to know that if the plaintiff recovered from his employers they, in turn, would seek indemnity from him. Considering the conflict in the cases we do not believe that the appellate court could fairly indulge in such a presumption. If the appellate court conclusion is correct, there is a serious question as to what Barnard got for his $16,000, for he certainly did not buy his peace if he may still ultimately be liable to his employer. We believe a more logical and satisfactory result is reached by our holding in accordance with the majority view, that the covenant not to sue the servant or agent releases the master or principal and we so hold. In line with the cases hereinbefore cited a circuity of action will be avoided and since the liability of the master or principal is merely derivative and secondary, the exoneration of the servant or agent prevents the imputing of negligence to the master or principal.

Another contention made by the plaintiff is that the question of the availability of the covenant as a defense is *res judicata.* The third-party plaintiffs and the third-party

defendant presented to the appellate court on a prior appeal the issue of whether the alleged masters could sue the servant as a third-party defendant. Plaintiff claims that when the case was litigated for the first time in the appellate court all questions that were open to consideration or could have been presented relating to the same subject matter are *res judicata* whether they were presented or not. Plaintiff concludes that after remand from the first appellate court decision the defendants were barred from raising the issue of the covenant as a defense since it could have been considered on the first appeal. However, the prior appeal was only from an order of the trial court dismissing the third-party defendant, Barnard, out of the case. This controversy was between Pulitzer and Flavin on one hand, and Barnard on the other, and did not concern the plaintiff, Holcomb. What did concern Holcomb was the defense that Holcomb had covenanted with Barnard so as to discharge him, and that this in legal effect discharged Pulitzer and Flavin. This defense was incorporated in the answers of Pulitzer and Flavin. Holcomb moved to strike these defenses and that motion was ruled upon January 13, 1964, when the motions for summary judgment by the defendants were allowed. The motion to strike the defenses was pending and undisposed of by the trial court when the first appeal concerning only the third-party proceedings was taken. It is, therefore, clear that the motion to strike the affirmative defense of the defendants pertaining to the covenant not to sue could not have been presented to the appellate court on the first appeal because it was not passed upon by the trial court until long after the decision of the appellate court in the first appeal.

The judgment of the Appellate Court for the Fifth District is therefore reversed and the judgment of the trial court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*