**908**

**Jack A. JAKUBS and Barbara M. Jakubs, Plaintiffs,**

v.

**FRUEHAUF CORPORATION and Herder Brothers, Inc., Defendants.**

**No. 77 C 1057.**

United States District Court, N. D. Illinois, E. D.

Aug. 22, 1977.

Robert H. Joyce, James F. Best, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiffs.

James L. Pittman, Lord, Bissell & Brook, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

The sole issue before the court on defendant's motion to dismiss is whether a covenant not to sue entered into between plaintiffs and the principal of defendant Herder Brothers, Inc., Aero Mayflower Transit Co., Inc., operates, under Illinois law, to release Herder Brothers from liability as well. Defendant Herder Brothers relies exclusively on the Illinois Supreme Court decision in

*Holcomb v. Flavin,* 34 Ill.2d 558, 216 N.E.2d 811 (1966), which held that a covenant not to sue executed by the plaintiff and an *agent* barred suit by the plaintiff against the principal unless the covenant not to sue expressly reserved plaintiff's right to sue the principal. *See Edgar County Bank & Trust Co. v. Paris Hospital, Inc.,* 57 Ill.2d 298, 312 N.E.2d 259 (1974).

This court cannot agree with defendant Herder Brothers that the *Holcomb* decision applies to the present situation which is the reverse of the situation which faced the court in *Holcomb.* Thus, in order to avoid circuity of litigation and the circumvention of a covenant not to sue entered into by a plaintiff and a *primarily liable agent,* the Illinois Supreme Court properly recognized that the principal, liable under a theory of *respondeat superior,* had to be released from liability by the covenant not to sue the agent since if the principal could be held liable, the principal could sue the agent for indemnity and the agent, who had believed its liability was ended, could be forced to make double payments. However, since in the case at bar it is the *principal* whose liability has been released by the covenant not to sue, there is no possibility that the suit by ·the plaintiffs against the agent Herder Brothers will cause the principal Mayflower to lose the benefits of its agreement with plaintiffs.

Although the parties have not called it to the attention of the court, it should be noted that the decision in *Holcomb* expressly supports this court's ruling. Thus, the Illinois Supreme Court stated:

Additional cases have been cited on this appeal but they concern *covenants with the master and not with the servant, and are obviously inapposite here* since the liability of the master is derivative while the liability of the servant is primary and direct. The master's action over against the servant is clearly unavailable to the servant who commits the wrong.

34 Ill.2d at 562–63, 216 N.E.2d at 813 (emphasis supplied).

Accordingly, since plaintiffs are suing defendant Herder Brothers as a primary tort-

feasor, the covenant not to sue Herder Brothers' principal does not release Herder Brothers and the general rule in Illinois, that a covenant not to sue only releases the party to the agreement, is not limited. *See Aiken v. Insull,* 122 F.2d 746 (7th Cir. 1941), *cert. denied,* 315 U.S. 806, 62 S.Ct. 638, 86 L.Ed. 1205 (1942). Defendant's motion to dismiss is therefore denied.