**Maurice Calvert, Individually, and as Spokesman for Certain Objectors Who Did Not Appear in Person or by Attorney, Defendant-Appellant, and Board of Directors of the Cross Roads School District No. 34, Lawrence County, Illinois, and Cross Roads School District, No. 34, Lawrence County, Illinois, Plaintiffs-Appellants, v. Board of Education of Elementary School District No. 14, Lawrence County, Illinois, and Elementary School District No. 14, Lawrence County, Illinois, Plaintiffs-Appellees.**

Gen. No. 63–F–21.

Fourth District.

May 16, 1963.

N. E. Hutson, of Monticello, for appellants.

Gosnell & Benecki, of Lawrenceville (Maurice E. Gosnell, of counsel), for appellees.

SCHEINEMAN, PJ.

This is an appeal in a detachment and annexation proceeding in which the county board of school trustees denied the petition. On administrative review the circuit court reversed the order, thereby giving the petition effect.

The petition was filed jointly by the board of directors of the Crossroads School District No. 34, and the board of education of Elementary School District No. 14, all in Lawrence County.

The evidence discloses that the Crossroads District operates a one story, two room, frame school building with two teachers. One teaches grades one through four and the other grades five through eight. There are approximately 83 children in the district, 33 being in the area covered by the petition, and by allowance thereof would be transferred. Adjacent school districts are District No. 14 in Lawrenceville and District No. 35 in Bridgeport.

The office of Superintendent of Public Instruction had investigated the situation and called attention to the overcrowded condition and suggested it was time for a reorganization, either by sending pupils to schools of parents' choice, with the local district paying tuition, or filing a petition for detachment along the Bridgeport-Lawrenceville high school district line. The residents in that vicinity indicated a preference for detachment along a community interest line differing from the high school line, which was acceptable to the Lawrenceville district. The county superintendent of schools stated he was opposed to this plan or any deviation from the boundary line between high school districts.

The total assessed valuation of the area involved, with the state factor, is $1,353,452. Of this sum, $474,945 is in the detached area and allowance of the petition would leave assessed valuation in the Crossroads District at $878,507. For the petitioning districts it was estimated that the income from taxes and state aid of Crossroads district after detachment would be approximately $14,000 as compared with estimated need of a little over $13,000. The latter figure was less than the actual expenditures in the previous two years, but the difference is explained in an expected saving by reason of 33 fewer pupils, less transportation and maintenance costs and no substantial repairs as had just been effected. The county superintendent of schools disputed the figures and contended that financial difficulties would result. However, it was undisputed that the maximum educational tax rate in the district was $1 whereas only 75 cents was presently being levied.

It was further shown that the Lawrenceville district would have 27 students per teacher, each teacher having a separate grade and all basic courses taught daily to each student. Library facilities would be

available as well as physical education, kindergarten, courses in art, music, foreign languages, manual training, and home economics.

The Crossroads District lacks these advantages, as only two teachers must teach all eight grades, thus hampering the teaching of even the basic subjects, besides lacking the special courses available at Lawrenceville. It is also pointed out the change would present some benefit to students remaining at Crossroads, since there would be 33 fewer students for the same two teachers to teach in the same number of hours. These remaining students would not have all of the advantages given to those in the detached area, but would have some gain in their educational program.

The county superintendent of schools does not appear to object to the splitting of the Crossroads district, but appears to confine his objection to the selected boundary line. The difference in assessed valuation to Crossroads district between the two lines would be about $85,000.

The appellants contend that the procedure in this cause was defective in four particulars hereafter discussed.

One, that the petition was invalid, because it was executed in the name of the school districts and signed by the respective presidents thereof and attested by the respective secretaries, whereas the school code requires the petition to be executed by the respective boards. It is true that Section 7–1 of the School Code provides the petition for detachment be by the boards of each district affected. However, it does not specify by whom or how the petition shall be signed. The boards are the governing bodies of the districts and this petition recites that it is executed by the officers of the respective boards, pursuant to resolutions previously adopted by said boards de-

termining to petition jointly. We are of the opinion that the petition sufficiently indicates it is brought by action of the boards of the districts and is therefore a sufficient compliance with the statute.

■ The second objection is that Section 4B–1, 4B–3 and 4B–4 of the School Code are mentioned as the applicable sections of the school code in the petition, but that these sections had, in fact, been repealed as of March 18, 1961, about six months prior to the filing date.

The substance of these repealed sections now appears in Sections 7–1, 7–4 and 7–6. No objection was made to the section numbers referred to in the petition at the hearing, and it is apparent that there was no doubt about the purposes of the petition and what it would accomplish if allowed. The Administrative Review Act provides that technical errors in the proceedings before the administrative agency shall not constitute grounds for the reversal of a decision unless it appears that the error materially affected the rights of a party. It has been held that under this statute substantial compliance with the law is sufficient even though irregularities in procedure may have occurred. Bridgeport Township High School Dist. v. Shank, 7 Ill App2d 183, 129 NE2d 264. This citation really applies to both of the first two procedural objections and we, therefore, hold the objections are without merit.

■ The third objection is that only five members of the seven member county board took part in the decision and the vote was 3 to 2 to deny. Section 6–18 of the School Code provides that four members of the board shall constitute a quorum, but that "unless otherwise provided a majority vote of all the board shall be required to decide a measure." Since the petition in this case was denied by the county board, the lack of a majority of the whole board is

of no importance. Where a smaller number than a majority of the whole board decides an issue, the proposal is defeated. Chicago Ry. Co. v. Commerce Commission ex rel. Chicago Motor Coach Co., 336 Ill 51, 76, 167 NE 840.

■ The remaining procedural point was that the hearing before the board was terminated on October 13, 1961, and that the decision was not entered until November 13, 1961, this being one day longer than the 30-day requirement. November 12th, being the 30th day, was a Sunday, and, therefore, filing the decision on Monday, November 13th, meets the legal requirement of the statute. This is covered by Section 1.11 of Ch 131, Ill Rev Stats. The four procedural objections raised are overruled, and this court now considers the merits as developed from the evidence.

■ We are of the opinion that the decision of the county board of school trustees was contrary to the manifest weight of the evidence and was properly reversed by the court on administrative review. It is clear from the evidence as we have recited it that the detachment would greatly enhance the educational welfare of the students in the detached area, and the remaining students would at least benefit to the extent that each of the two teachers would have a smaller group to work with. The revenue of the district from which the territory was to be detached apparently would be very nearly adequate, if not completely so. If it is not adequate, it was shown that the tax rate could be increased without exceeding the maximum rate.

■ With every detachment and annexation, there is a resulting loss of tax base valuation and loss in income to the district losing a portion of its territory, but this alone cannot be considered as preventing detachments and annexations when it appears that the maximum rate is not being levied by the district from

395

which the territory is being detached. School Directors v. Wolever, 34 Ill App2d 95, 180 NE2d 345; Community Unit School Dist. v. County Board of School Trustees, 9 Ill App2d 116, 132 NE2d 584.

We agree with the county superintendent of schools in general that it could be better to divide the district along the high school district boundaries. However, in this case, the difference is very small compared with the obvious benefits to be gained by the proposal. We conclude that the objection is relatively of no importance in this case and should not be used as a basis to deny the petition. The judgment of the court in the administrative review reversing the decision of the county board of school trustees is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ, concur.