Glenn Bunsen, et al., Plaintiffs-Appellants, v. County Board of School Trustees of Lake County, Illinois, et al., Defendants-Appellees.

Gen. No. 11,874.

Second District.

May 19, 1964.

■

Runyard, Behanna, Conzelman & Schultz, of Wauke-gan (Murray Conzelman, of counsel), for appellants.

Bruno W. Stanczak, State's Attorney, of Lake County, and Warren C. Behr, Assistant State's Attorney, of Waukegan, for appellees.

CULBERTSON, P. J.

This cause is before us for administrative review of an order of the County Board of School Trustees of Lake County, authorizing annexation of Wadsworth Consolidated School District No. 7 to Gurnee Grade School District No. 56. The Circuit Court of Lake County found that the County Board of School Trustees had jurisdiction of this matter and that the record contained sufficient evidence in it to support the order of the County Board of School Trustees.

It is the theory of the plaintiffs on appeal in this Court and in the hearing before the Circuit Court, that the County Board of School Trustees never had jurisdiction of the case and that their order was a nullity. It is also contended that even if the County

Board of School Trustees had jurisdiction, the order of such Board was against the manifest weight of the evidence.

On March 14, 1963, a petition was filed with the secretary of the County Board of School Trustees, seeking annexation of Wadsworth School District No. 7 to Gurnee School District No. 56 (both located in Lake County, Illinois). The Board of Education of Wadsworth School District is composed of seven members. At a meeting of the Board on March 7, 1963, at which all seven members were present, the vote on the question of annexation was as follows: three, "yes"; two, "no"; one, "passed," and the president did not vote. In the minutes of the Board Meeting it was recited with respect to the member who did not vote that he "declined to vote as he does not own his home and that he will be off the Board next year." As to the president, the recital was "since there was no tie vote the president did not vote." Later in the same meeting the Board adopted a motion by a four to one vote, to mail a letter of explanation of the official action of the Board to all residents of the District. On March 22, 1963, and before the hearing by the County Board of School Trustees, one of the members who voted "yes" on the question of annexation wrote a letter to the County Board asking that his name be withdrawn from the petition for annexation. At the hearing certain property owners moved to dismiss on the ground that the County Board had no jurisdiction. This motion was denied and the hearing in the case proceeded.

■ Under the provisions of section 10–12 of the School Code (1963) Illinois Revised Statutes, chapter 122, section 10–12, it is specifically provided as follows:

"A majority of the full membership of the Board of Education shall constitute a quorum. Unless

293

otherwise provided, when a vote is taken upon any measure before the board, a quorum being present, a majority of the votes of the membership voting on the measure shall determine the outcome thereof."

There is no specific provision of the School Code providing otherwise as to a vote on the question of annexation, although there are other provisions of the School Code, such as section 24–12, requiring a majority vote of all members for dismissal or removal of a teacher; or section 34–11, providing for a majority vote for appointment of an attorney; or section 34–13, providing for a majority vote for removal of a General Superintendent of School or Heads of General Departments. The legislature apparently felt in such matters that a majority of the members of the board was required. No such provision is found as to the vote on the question of annexation, and since the board consists of seven members, and obviously a quorum was present, and since the majority who voted, voted in favor of annexation, the County Board of School Trustees did in fact have jurisdiction by virtue of the affirmative vote of three to two of those actually voting on this issue.

 The case of Launtz v. The People, 113 Ill 137, cited as a precedent by appellants in this case, is not directly in point since in that case, where the appointment of a city treasurer by the city council was involved, the Court found that the issue of approval of the treasurer's bond was part of the entire election procedure, and that the rules pertaining to elections would apply. In the case before us we have the specific provisions of the School Code to consider and nothing more. Similarly, the action of one trustee in withdrawing his signature from the annexation petition

294

■■■■■■■■■■■■■■■

was of no significance. The petition for annexation was signed on behalf of the Wadsworth School District by the president and secretary, and also by two members of the Board of Education. Since the petition reflected the action of the entire School Board, the absence of the signature of one of the trustees would be immaterial. The formal action of the Board had been taken. Any subsequent independent action of a trustee could not effect that action (Hankenson v. Board of Education of Waukegan Tp. High School Dist., 10 Ill App2d 79, 134 NE2d 356).

It is apparent therefore that the motion to annex referred to, was properly passed in accordance with the appropriate section of the School Code, and the County Board of School Trustees had jurisdiction of the case.

■ ■ As to the further contention made by appellants that the order of the County Board of School Trustees was against the manifest weight of the evidence, we have examined the record and find that there was adequate evidence to support the County Board in its findings. The findings of an administrative agency are prima facie correct, unless such findings are against the manifest weight of the evidence. The abstract shows a report of the County Superintendent of Schools of Lake County in which it is pointed out that School District No. 7 (Wadsworth) has a total enrollment of only 86 pupils taught by three teachers, as compared with School District No. 56 (Gurnee) with 508 pupils taught by twenty teachers; that School District No. 56 has no multiple grade classrooms and could easily absorb the 86 students from School District No. 7. While the record indicates that the bonding power of Wadsworth was $50,000 per pupil as compared with $20,000 per pupil

295

in the Gurnee District, it is apparent that this results from the fact that Gurnee had proceeded to install an adequate school and provided adequate facilities for the students. The record also disclosed that the Wadsworth District had been on a "Probationary Recognition" status for two years, and had been on a "Conditional Status" a year before that. It is pointed out that good teachers are difficult to obtain with the facilities available in the lower grades at Wadsworth and that teacher turnover had been high. Also, that the minimum standards were not being met in the District. Other evidence of similar nature indicates that the County Board of School Trustees had given careful, thoughtful consideration to this cause, and that the order was not contrary to the manifest weight of the evidence.

The order of the Circuit Court affirming that the County Board of School Trustees had jurisdiction and that the record contains sufficient evidence to support such order will, therefore, be affirmed.

Order affirmed.

SCHEINEMAN and ROETH, JJ., concur.