Stanley Albrecht, et al., Plaintiffs-Appellants, v. Joseph Newcomer, Successor in Office to Floyd French, County Superintendent of Schools, as Ex-Officio Secretary of the County Board of School Trustees of Bureau County, Illinois, County Board of School Trustees of Bureau County, Illinois, a Corporation, W. S. Perrin, County Superintendent of Schools, as Ex-Officio Secretary of the County Board of School Trustees of Stark County, Illinois, a Corporation, Board of Education of Milo Community Consolidated School of District No. 182, Bureau County, Illinois, Board of Education of Bradford Township High School No. 69, Bureau, Stark and Marshall Counties, Illinois, and Board of Education of Tiskilwa Community Unit School District No. 300, Bureau and Putnam Counties, Illinois, Defendants-Appellees.

Gen. No. 64–37.

Third District.

November 19, 1964.

Peterson, Johnson & Martin, of Princeton (Watts C. Johnson, of counsel), for appellants.

No appearance or briefs filed for appellees.

CULBERTSON, P. J.

This is an appeal from the Circuit Court of Bureau County which affirmed the action of the County Boards of School Trustees of Bureau and Stark Counties. The action was originally instituted before the Bureau County Board of School Trustees in 1961 to detach 28½ acres of land from Milo Community Consolidated District No. 182 in Bureau County (some-

times referred to as "Milo grade") and from Bradford Township High School No. 69 in Bureau, Stark, and Marshall Counties, sometimes referred to as "Bradford High," and to annex the same to Tiskilwa Community Unit School District No. 300 in Bureau and Putnam Counties, sometimes referred to as "Tiskilwa Community."

Under the School Code, since the territory lies within two or more Counties, detachment and annexation was required to be had by concurrent action of both Bureau and Stark Counties. The case was heard first by the Bureau County Board of School Trustees, which denied the prayer of the petition, and thereafter by the Stark County Board of School Trustees which also denied the petition on October 14, 1963. The cause was appealed under the Administrative Review Act to review those decisions, and on April 6, 1964 the Circuit Court affirmed the action of the administrative agency.

On appeal in this Court, the plaintiff contends that the concurrent decision of the County Boards of School Trustees and of the Circuit Court is against the manifest weight of the evidence, and that the education and welfare of the students involved and the financial condition of the districts would be best served by detaching the territory as prayed, from Milo and Bradford, and annexing the same to Tiskilwa.

The plaintiffs reside in the northern boundary of Milo, and at the time of the hearing were the parents of five children, two of whom were to start school in September, of 1961. The older child was held back because of the result of reading tests administered to him by the Tiskilwa Unit which recommended that he wasn't ready for school. These tests were not available in the "Milo Grade." Plaintiffs reside on a 480-acre farm of which only 28½ acres are sought to be

detached in order to alleviate as much tax loss as possible, from Milo Grade.

The evidence as presented, indicated that Tiskilwa Grade School had separate classrooms, grade for grade, which was not true in Milo where three teachers taught eight grades. Plaintiff's are also only seven miles from Tiskilwa on a blacktop road and the school bus goes straight past their door. The children on the Milo Grade bus would ride a greater distance and the closest point at which it would stop near plaintiff's home was a distance of a mile and a half. It was apparent that the children would have better educational facilities at Tiskilwa. The plaintiffs live on the Tiskilwa telephone exchange, their Doctor lives in Tiskilwa, and neighbors and friends are in Tiskilwa, and all the people living west of the plaintiffs live in the Tiskilwa Unit District. There is evidence that the only reason plaintiffs were in the Bradford district was because the tenant on the farm at that time wanted Bradford High. The record shows that Milo has an enrollment of only 47, while Tiskilwa has an enrollment of 466, with a faculty of 29 persons, and has physical education, music program, hot lunch program, transportation, and home economics in the grade school program. The only possible effect of the proposed change on Milo and Bradford would be the loss of approximately $8,751 in assessed valuation, and two pupils, and the only effect on Tiskilwa would be the gain of that amount and those pupils. The legal tax rate limit for 1961, which the Districts could levy by law, was fixed at 90¢ for the education rate, and 25¢ for the building rate. In Milo Grade they were levying far less than the maximum in each fund, and from the valuation loss Milo would lose only $66.07 in the educational fund, and $5.77 in the building fund.

■■ It is not necessary for us to detail the evidence. It is apparent that Milo with a small 47 pupil

27

school, of three rooms, serving eight grades, with three teachers, cannot serve the educational welfare of the students as well as Tiskilwa. It is true that with every detachment and annexation there is a resulting loss of tax based valuation, and also in income, when a portion of the territory is lost. This alone should not be considered as preventing detachment and annexation where it appears that the maximum tax rate is not being levied (Calvert v. Board of Education, 41 Ill App2d 389, 190 NE2d 640). The fact that plaintiffs did not enter their entire farm in the petition for detachment is, under the facts in the record, not a basis for denial of the petition (Virginia Community Unit School Dist. v. County Board, 39 Ill App2d 339, 188 NE2d 886). It is apparent from a review of the cases that our Courts have permitted residents to detach from small 1, 2, and 3 room schools, and become a part of larger consolidated, or unit district schools (Bunsen v. County Board of School Trustees of Lake County, 48 Ill App2d 291, 198 NE2d 735).

On a review of the entire record it appears that the only evidence concerning educational welfare of the children was that presented by plaintiffs, which indicated that the welfare of the students would be best served by a detachment and annexation to the Tiskilwa District. The only opposing evidence was concerned with assessed valuation. As stated in Welch v. County Board of School Trustees of Peoria County, 22 Ill App2d 231, 160 NE2d 505, where the County Board had denied a detachment, the findings of such an administrative agency must be based on facts established by evidence which is introduced as such, and not by reliance of the administrative agency on its own information to support its findings. The Court further stated that the findings of the administrative agency must be supported by substantial evidence, and

28

if found to be without substantial foundation in evidence it is the duty of the Court to set such finding aside. The Court in that case also pointed out that there was no evidence that the best interest of the schools in the area and the educational welfare of the pupils would be adversely effected in the slightest degree by the allowance of the proposed change. There was also no evidence that there would be an unequitable division of funds and assets, and no showing of any adverse financial burden to either district if the proposed change were granted. The Court concluded that the absence of any evidence, leaves the order unsupported by any competent substantial evidence, and that the order and judgment in such case must be reversed. In the case before us the conclusion of this Court must be to the same effect since the only evidence presented was in support of the proposed change.

The order of the Circuit Court of Bureau County will, therefore, be reversed, with directions to such Court to reverse the order of each of the County Boards and grant the prayer of the petition.

Reversed and remanded, with directions.

ROETH and SCHEINEMAN, JJ., concur.