(No. 40041.— ▮▮▮▮▮▮)

THE PEOPLE ex rel. John Maeras, County Collector, Appellant, vs. CHICAGO, BURLINGTON AND QUINCY RAILROAD Co. et al., Appellees.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

JOSEPH R. BARTYLAK, State's Attorney, of Edwardsville, and BURTON C. BERNARD, Special Assistant State's Attorney, of Granite City, (DICK H. MUDGE, JR., of counsel,) for appellant.

GILLESPIE, BURKE & GILLESPIE, of Springfield, POPE & DRIEMEYER, of East St. Louis, and BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, (HUGH J. DOBBS, JAMES R. PARHAM, and GORDON BURROUGHS, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from 46 judgments entered on April 20, 1966, in favor of 12 railroads for refunds of property taxes paid under protest in Madison County for the tax years 1957 to 1962. The judgments were entered pursuant to the mandate of this court in *People ex rel. Musso* v. *Chicago, Burlington & Quincy Railroad Co.* (Nos. 38859—38904 cons.) reported in 33 Ill.2d 88, wherein orders entered on August 20, 1964, were reversed and the causes remanded with directions.

The orders of August 20, 1964, applied the straight formulaic average of capitalized earnings, market value of stock and debt, and reproduction cost less depreciation, and found that the railroads were undervalued. It directed refunds measured by the difference between the railroads' taxes and the amounts they would have paid if both locally assessed and railroad property had been assessed at full value. Upon review, we approved application of a judgment factor by the Department of Revenue to the formulaic

average, found that the record established the railroads valuations to be at full value, and directed that the refunds be measured by the difference between the taxes assessed against the railroads and the amount which would have been extended had locally assessed property been valued at its full, fair cash value. The trial court was directed to make computation of refunds to the railroads in accordance with the above formula and to enter judgments for specific amounts of refund.

The objector railroads filed motions for final judgments after the consolidated causes were redocketed, to each of which was attached a table showing the amount of refund due each objector, computed in accordance with the mandate of this court. Upon withdrawal of opposition by the collector, the orders of April 20, 1966, were entered which implemented the mandate by ordering refunds in dollar amounts.

Thus, the present unique posture of the case is an appeal from the trial court's second set of orders to which no objection was made and the accuracy of which was not then, and is not now, questioned.

Appended to, and made a part of, the collector's brief is a motion to consolidate the record in the first appeal (Nos. 38859—38904 cons.), together with the abstracts, the People's two briefs, the railroads' three briefs and the petition for rehearing, with the record on this appeal. The motion has heretofore been denied by this court. However, we take judicial notice of such record, briefs and abstracts for the purpose of comparing the issues here attempted to be raised with those previously presented.

The collector contends that the judgments violate the uniformity clause of the Illinois constitution, (Ill. Const., art. IX, sec. 2,) and that they arbitrarily and discriminatively interpret and apply that clause repugnantly to the equal protection and due process clauses of the fourteenth amendment of the constitution of the United States.

The railroads filed a motion to dismiss the present appeal on the ground that all questions now presented either were, or could have been, presented in the first appeal, that the only possible question open for consideration would be whether the trial court followed our mandate and that any question as to whether the mandate was followed was eliminated by a written statement filed by the People on the relation of the collector on April 20, 1966, prior to the entry of the judgments. That statement specifically waived objection to the computation of the precise amounts of refund, and complained only that the computation utilized the determination that railroad property was assessed at full value. This motion was taken with the case.

The parties are in agreement that the questions presented here (all of a constitutional nature) were presented and argued in the first appeal, but the collector contends they were not there decided. We held that the record established the fact of full value assessment of the railroads' property, and consequently there was no discrimination against locally assessed property (which was concededly under assessed). It is inherent in those findings that there was no violation of constitutional uniformity and that the equal protection and due process clauses had not been violated.

It has long been recognized that once a case has been decided by this court the only question which may be considered upon a subsequent appeal involving the same issue is whether the trial court followed our mandate. (*Henning* v. *Eldridge,* 146 Ill. 305; *Muhlke* v. *Muhlke,* 285 Ill. 325; *Schneiderman* v. *Interstate Transit Lines, Inc.,* 401 Ill. 172.) The mandate was admittedly followed so there is nothing left to review. This is a deliberate attempt to relitigate the same issues presented on the prior appeal.

The motion to dismiss this appeal is allowed and the appeal is dismissed.

*Appeal dismissed.*