(No. 40904.-

AMERICAN NATIONAL BANK AND TRUST COMPANY, Guardian, Appellee, *vs.* THE PENNSYLVANIA RAILROAD COMPANY *et al.*, Appellants.

*Opinion filed May 29, 1968.—Rehearing denied July 2, 1968.*

CORNELIUS P. CALLAHAN, of Chicago, for appellants.

LOUIS G. DAVIDSON, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In June of 1959, Henry Lee Edwards, then 13 years of age, suffered a traumatic amputation of both legs when he stepped off a train which was operated by the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (the Milwaukee), on the tracks of the Pennsylvania Railroad Company (the Pennsylvania) and a subsidiary. In an action brought by American National Bank and Trust Company (American), guardian of the estate of Henry Lee Edwards, against the three railroad companies, the jury returned a general verdict against all three defendants in the amount of $275,000. Judgment was entered on the verdict on September 7, 1962. On November 1, 1962, American, acting pursuant to an order entered by the probate court of Cook County, executed a "covenant not to enforce the judgment" against the Milwaukee in consideration of the payment of $75,000 by the Milwaukee. On November 5, 1962, the Pennsylvania moved that the judgment "be corrected by changing the amount thereof from $275,000 to $200,000" because the plaintiff had been paid the sum of $75,000 by the Milwaukee in exchange for the covenant not to enforce

the judgment against it. The motion was allowed and the judgment was reduced to $200,000. The Pennsylvania appealed to the appellate court which affirmed the judgment. (52 Ill. App. 2d 406.) This court allowed the Pennsylvania's petition for leave to appeal and affirmed the judgment of the appellate court. 35 Ill.2d 145.

After the Pennsylvania's petition for *certiorari* was denied by the Supreme Court of the United States (385 U.S. 1035, 17 L. Ed. 2d 683, 87 S. Ct. 777) it commenced the present action in the circuit court of Cook County by filing a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1965, chap. 110, par. 72) in the nature of a writ of *audita querela*. The function of that writ at common law was to prevent the enforcement of a judgment when enforcement would be unjust "because of matters arising subsequent to its rendition, or because of prior existing defenses that were not available to the judgment debtor in the original action because of the judgment creditor's fraudulent conduct or through circumstances over which the judgment debtor had no control." (7 Am. Jur. 2d 281.) The petition in this case asserts that the covenant not to enforce the judgment against the Milwaukee which was executed by American makes the judgment for $200,000 against the Pennsylvania unenforceable.

On motion of American the section 72 petition was dismissed, and the Pennsylvania appealed to the appellate court which dismissed the appeal, without opinion, on the motion of American. Thereafter the present petition for appeal as a matter of right was filed in this court. The question presented is the effect of the covenant not to enforce the judgment against the Milwaukee upon the enforceability of the judgment against the Pennsylvania.

Liability was initially asserted against the Pennsylvania on the grounds that it had violated certain fencing ordinances of the city of Chicago, that it had maintained an attractive nuisance and that it was vicariously liable for

the negligence of its lessee, the Milwaukee. In affirming the judgment against the Pennsylvania this court held that the fencing ordinances had been rescinded, found it unnecessary to consider the attractive nuisance doctrine as it applied to the Pennsylvania, and held that the Pennsylvania was vicariously liable for the negligence of the Milwaukee. 35 Ill.2d 145.

On its earlier appeals the Pennsylvania repeatedly argued, in various forms, and both in this court and the appellate court, the effect of American's covenant not to enforce the judgment against the Milwaukee.

In its reply brief in the appellate court on the first appeal the Pennsylvania stated: "Since the plaintiff has discharged the Milwaukee from the case, the negligence of the Milwaukee cannot be further imputed to the defendants. The Milwaukee's negligence has been extinguished. The plaintiff is now estopped from asserting that the negligence of the Milwaukee is to be charged against defendants." And in its reply brief in this court the Pennsylvania repeated this contention, stating: "By accepting $75,000.00 from the Milwaukee Railroad, the plaintiff has extinguished the purported negligence of the Milwaukee. The plaintiff cannot now resurrect that negligence and charge the other defendants with it to extract additional money from them."

Two opinions were filed in this court, and two rehearings were allowed. In its reply to the answer to the first petition for rehearing the Pennsylvania argued: "The second cause of action, for negligence in the operation of the train, was extinguished when the plaintiff accepted $75,-000.00 from the Milwaukee in exchange for the 'covenant not to enforce the judgment.' See Appellants' Reply Brief, pp. 6-7." And in its answer to the second petition of rehearing the Pennsylvania argued: "By reason of the judgment, the plaintiff was in a position to move to collect the full $275,000.00 against the Milwaukee. By failing to do so, however, and agreeing to accept an amount less than

the full amount of the judgment, the plaintiff *compromised* his judgment and caused his acceptance of the lesser amount to operate as an accord and satisfaction of the judgment and a discharge as to all defendants."

Finally, in the last document filed by Pennsylvania in this court upon the earlier appeal, its petition for rehearing directed to the opinion reported in 35 Ill.2d 145, the Pennsylvania set out in full the opinion of this court in *Holcomb* v. *Flavin,* 34 Ill.2d 558, and argued that because of our opinion in the *Holcomb* case the judgment must be reversed, saying: "If the judgment is upheld on the sole ground that the Milwaukee was negligent in the operation of its train, the Milwaukee, the active tort-feasor, would have to respond to defendants for the full amount of damages recovered by the plaintiff from defendants based upon the Milwaukee's negligence. As in the *Holcomb* case, however, the plaintiff settled his case based on the Milwaukee's negligence for $75,000.00 and executed a covenant not to enforce the judgment against it. The covenant in this case must operate just as the covenant in the *Holcomb* case. * * * The relationship between the defendants and the Milwaukee in this suit, therefore, is precisely the same as that between the driver and his employers in the *Holcomb* case. The sole issue before this court is whether the execution of a covenant not to enforce the judgment against an agent or servant operates to extinguish a claim against the principal or master, whose liability, if any, arises under the doctrine of respondeat superior. The answer must be in the affirmative. There is no meritorious distinction between the instant case and the *Holcomb* case."

Except for verbal changes the argument now advanced by the Pennsylvania is the identical argument that it advanced on its earlier appeal. In the present case it contends, however, that because its notice of appeal in the first case was "devoted entirely to the validity of the judgment" and prayed that the judgment be reversed, or reversed and re-

manded, "the question of the enforceability of the judgment was not, and, as the facts of the petition show, could not have been presented at that time." Indeed the Pennsylvania now says, referring to the argument it advanced in its final petition for rehearing, "the Supreme Court of Illinois refused to consider this argument, and very properly so because the court was without *jurisdiction* to hear and determine that argument."

We are unable to follow the distinction thus sought to be drawn between the validity of the judgment and its enforceability. And we do not agree that the argument advanced by the Pennsylvania on its earlier appeal was beyond the jurisdiction of this court to consider. Because it was not thought necessary to discuss the contention does not mean that jurisdiction to do so was lacking. What was said in *Washburn & Moen Manufacturing Co.* v. *Chicago Galvanized Wire Fence Co.*, 119 Ill. 30, 42, seems appropriate: "When the case was here before, all the objections now urged to the modified decree were proper subjects of discussion and consideration. So far as then deemed important, they were discussed and considered with such care and thoroughness as was thought necessary, and the opinion expressed the result. The opinion was then obnoxious to the same objections now urged against the modified decree, and the more important of them were urged by the counsel now representing appellant, in an exhaustive and able petition for rehearing. The court, however, failing to appreciate the force of the objections as they were felt by counsel, adhered to the views expressed in the opinion. We are not now at liberty to review and overrule any former ruling in the case."

The Pennsylvania's argument that its case must be governed by our decision in *Holcomb* v. *Flavin,* 34 Ill.2d 558, overlooks significant differences between the two cases. In *Holcomb* the covenant not to sue the servant was executed by an adult plaintiff, prior to the institution of his

action against the master. In the present case the covenant was entered into after judgment had been entered both against the Pennsylvania and the Milwaukee, and it was executed on behalf of a minor by his guardian, pursuant to an order of the probate court which, after authorizing the guardian to execute a covenant not to enforce against the Milwaukee, continued: "It Is Further Ordered that said Guardian may not and shall not execute any document which sets forth, constitutes, or may be construed as a release of any of said railroad companies against whom said Judgment has been entered, or which might affect in any way said minor's right to proceed against The Pennsylvania Railroad Company, a corporation, and The Philadelphia, Baltimore and Washington Railroad Company, a corporation, to enforce collection of said Judgment, or, in the event said Judgment is set aside on appeal, to impair in any way whatsoever any rights the said minor now has or may hereafter acquire against The Pennsylvania Railroad Company, a corporation, and The Philadelphia, Baltimore and Washington Railroad Company, a corporation, by reason of said occurrence and the injuries said minor sustained therein."

There was no reservation of any right to proceed against the master in the *Holcomb* case, a matter which was carefully pointed out in the opinion of this court. (34 Ill.2d at 562, 563.) Furthermore, our opinion observed: "The appellate court stated that when Barnard [the servant] paid for the covenant, he is presumed to know that if the plaintiff recovered from his employers they, in turn, would seek indemnity from him. Considering the conflict in the cases we do not believe that the appellate court could fairly indulge in such a presumption." (34 Ill.2d at 565.) In the present case no presumption was involved, for the Milwaukee unquestionably knew that the plaintiff intended to enforce its judgment against the Pennsylvania.

It has repeatedly been held that neither the trial court

nor the appellate court has authority, after the issuance of the mandate of this court, to take any action other than in compliance with that mandate. (See, *e.g., People ex rel. Maeras* v. *Chicago Burlington and Quincy Railroad Co.,* 36 Ill.2d 585; *Baum* v. *Hartmann,* 238 Ill. 519.) The rights of the Pennsylvania are not enhanced by the fact that the issue is now raised in a proceeding under section 72 of the Civil Practice Act. No authority has been cited to suggest that the writ of *audita querela* was ever available to present issues which were presented before the entry of the judgment attacked by the writ. No constitutional rights of the Pennsylvania were infringed by the action of the appellate court in dismissing its appeal upon motion without filing a written opinion.

The judgments of the appellate court and of the circuit court of Cook County are affirmed.

*Judgments affirmed.*