MARIE BEATRICE HONEY, Plaintiff-Appellee, *v.* JOHN PERRY HONEY, Defendant-Appellant.

(No. 11498;

Fourth District—February 1, 1972.

*Rehearing denied March 21, 1972.*

TRAPP, P. J., dissenting.

John A. Lambright, of Danville, for appellant.

Wright, Young and Wright, of Danville, (William A. Young, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This case was before this court earlier as general nos. 11061 and 11084, consolidated, as an appeal from a divorce decree entered on the grounds of physical and mental cruelty in favor of the wife, Marie Beatrice Honey, and an award to her of alimony in gross in the sum of $36,500. In that appeal this court in a decision dated February 17, 1970, affirmed the decree of divorce and an award of temporary alimony; however, the decision further provided: "but the award of alimony in gross in the sum of $36,500 is reversed, and the cause is remanded for further hearing upon the needs and abilities of the respective parties." Rehearing was denied March 24, 1970. *Honey v. Honey,* 120 Ill.App.2d 102, 256 N.E.2d 121.

Subsequently, the case was redocketed by the trial court. Defendant, John Perry Honey, filed a verified petition seeking an order requiring the wife to execute a quit claim deed to real estate owned by him during the marriage. Plaintiff filed a petition seeking a rehearing upon all matters to be determined in accordance with the mandate of this court, including a settlement of dower, homestead, equitable title or other interests in the property of the parties.

Hearing was had by the trial court on these matters and the trial court, on December 1, 1970, entered its order refusing to require plaintiff to execute quit claim deeds as prayed in defendant's petition. It further ordered that defendant pay plaintiff the sum of $36,500 in exchange for which the plaintiff shall execute any and all documents necessary to terminate her interest in any of the property accumulated or owned

during the marriage. The order recited that plaintiff was the equitable owner of one-half of the property accumulated by the parties during their marriage through their joint efforts, that division of the property in kind was not possible and that the sum ordered to be paid was one-half of the value of the property so accumulated. The order barred plaintiff of alimony.

Defendant appeals from such portions of the order.

■■ Initially, the defendant contends that when a case is remanded by the appellate court to the trial court with specific instructions, the trial court is to proceed in accordance with those instructions and that its action is limited by the mandate. This is well established and, indeed, not controverted. See *American Nat. B. & T. Co. v. Pennsylvania Railroad Co.*, 40 Ill.2d 186, 238 N.E.2d 385; *House of Vision, Inc. v. Hiyane*, 42 Ill.2d 45, 245 N.E.2d 468.

The order which we now review recites that the cause was heard on the petitions as filed including a request that the matter be considered and determined in accordance with the mandate issued from this court. We also note that the decree contains a recitation that the court heard further sworn evidence and that such precedes the order entered which is here subject to review.

■■ While a trial court is required to comply with the mandate of the reviewing court, it is the burden of the appellant to submit to the reviewing court upon a second appeal a record sufficient to establish non-compliance if, as here, non-compliance is urged. It cannot be said from that which we review that there was non-compliance with our mandate.

The clerk of this court at the direction of this court advised counsel for both parties that the record on appeal does not contain the transcript of prior proceedings which was admitted into evidence in this cause, nor does it contain a transcript of "further sworn evidence" referred to in the order under review. Counsel were informed that such material may be necessary for a consideration of all the issues and the appellant was in effect invited to file a supplemental record on appeal. Such has not been done.

■■ This court much prefers to decide issues on the basis of merit and not upon the basis of procedural issues. However, we cannot waive the burden properly cast upon the appellant to establish in this court by a good and sufficient record that the judgment appealed from is in some way erroneous or manifestly at cross purposes with equity and justice. We cannot and will not presume invalidity of trial court proceedings when nothing is submitted to suggest a basis for such conclusion. (See *Griffin v. Billberry*, 1 Ill.App.3d 219. On the record before us we must

and do assume that the evidence before the trial court justified the findings and orders of that court as to the equitable ownership of the property, its value, and the ordered distribution and decree.

Judgment affirmed.

SMITH, J., concurring.

Mr. PRESIDING JUSTICE TRAPP dissenting:

Upon a prior appeal this Court reversed an award of alimony in gross and the cause was remanded with directions to the trial court to take evidence upon the needs and abilities of the parties and to fix periodic alimony.

It is consistently held that upon remand with directions, the trial court only has jurisdiction to undertake such further proceedings as conform to the judgment and directions of the reviewing court. *Berry v. Lewis*, 27 Ill.2d 61, 187 N.E.2d 688; *Fiore v. City of Highland Park*, 93 Ill.App.2d 24, 235 N.E.2d 23. Upon this record, the trial court did not have jurisdiction to permit the filing of new or additional pleadings, to hear evidence under such pleadings or to determine the issues upon a different theory of the action.

The judgment entered should be reversed and the cause remanded for proceedings consistent with the original mandate of this Court.