NANCY BENDER, Plaintiff-Appellee, *v.* CONSOLIDATED MINK RANCH, INC., Defendant-Appellant.

Second District   No. 83—606

Opinion filed June 1, 1984.

Burl F. Nader, of Libertyville, for appellant.

Joel Ostrow, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Consolidated Mink Ranch, Inc. (Mink Ranch), appeals from an order of the circuit court of Lake County which, on the motion of Nancy Bender, dismissed its petition for release of judgment. This petition was in the nature of a writ of *audita querela* pursuant to section 12-183(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12-183(g)).

On appeal Mink Ranch contends that the trial court erroneously found that the petition failed to state a cause of action. Bender defends the judgment on its merits and further asserts that this appeal should be dismissed as moot.

The background to the original dispute between the parties is set out in this court's prior opinion in *Bender v. Consolidated Mink Ranch, Inc.* (1982), 110 Ill. App. 3d 207, 441 N.E.2d 1315. In that case Nancy Bender as plaintiff, filed a two-count complaint alleging conversion and breach of contract, and secured a judgment in the amount of $17,600 against Mink Ranch, defendant therein. Mink Ranch appealed and this court affirmed the judgment in an opinion

filed November 1, 1982.

On June 9, 1983, Mink Ranch filed a two-count "Petition for Release of Judgment Pursuant to Sec. 12-183(g) Code of Civil Procedure" (Ill. Rev. Stat. 1983, ch. 110, par. 12-183(g)). In that petition, Mink Ranch alleged 11 occasions on which acts of vandalism involving the cutting of fences and the release of minks from their cages had taken place on its premises from May 2, 1982, to February 18, 1983. The petition further stated that in the early morning hours of February 18, 1983, William Bender, Nancy Bender's spouse, was arrested in the vicinity of its ranch and charged with criminal damage to property and theft under $300, which criminal charges were still pending as of the filing of the petition. Mink Ranch alleged that William Bender had caused the damage to its premises while acting in his spouse's behalf and as her agent. These acts were allegedly done for the purpose of forcing Mink Ranch to abandon its appeal rights and to force an immediate payment of the judgment. The timing of certain of the acts was alleged to be related to the completion of the various steps in the appellate process of the original case. Mink Ranch therefore requested a partial release of Bender's judgment of $9,000, representing the amount of damages to the ranch premises and the cost of security measures instituted as a result of the vandalism, plus punitive damages of $25,000.

Mink Ranch accompanied its petition with the affidavit of Willard J. Nieland, its president, to the effect that he had observed William Bender in the process of damaging ranch property on February 18 and that Mr. Bender "had personally involved himself at all stages of his wife's case against defendant by appearing at depositions, giving testimony in Court in her behalf on critical issues in the case, etc." Bender moved to dismiss the petition contending that the petition failed to state a cause of action, that the petition's allegation that Mr. Bender's conduct was done to force payment of the judgment was purely speculative, that the petition failed to state the elements of an agency relationship between Bender and her, and that an agency relationship could not be predicated solely upon the Benders' marital relationship. The motion to dismiss was granted by the court below without specifying on which basis the petition was dismissed.

Section 12-183(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12-183(g)) provides, in pertinent part, as follows:

> "The writ of audita querela is abolished and all relief heretofore obtainable and grounds for such relief heretofore available, whether by the writ of audita querela or otherwise, shall be available in every case by petition hereunder, regardless of the

nature of the order or judgment from which relief is sought or of the proceeding in which it was entered."

The relief provided by this statute was formerly available under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72(1)). The writ of *audita querela,* now replaced by motion, "enabled a judgment debtor to avoid execution by pleading satisfaction or discharge of the judgment, or a good defense to the claim which was not asserted owing to the fraud of the judgment creditor." (Ill. Ann. Stat., ch. 110, par. 72, Historical & Practice Notes, at 289 (Smith-Hurd 1968).) At common law, the writ of *audita querela* was in some cases available to a judgment debtor seeking to set aside a judgment on the basis of fraud or other misconduct on the part of the judgment creditor, prior to its rendition, and was also available to seek relief from the consequences of a judgment because of matters arising subsequent to its rendition, such as discharge, payment, or other satisfaction. *Russell v. Klein* (1974), 58 Ill. 2d 220, 223-24, 317 N.E.2d 556; see also *American National Bank & Trust Co. v. Pennsylvania R.R. Co.* (1968), 40 Ill. 2d 186, 238 N.E.2d 385; *Louis E. Bower, Inc. v. Silverstein* (1938), 298 Ill. App. 145, 18 N.E.2d 385; *Barnett v. Gitlitz* (1937), 290 Ill. App. 212, 8 N.E.2d 517.

Mink Ranch contends that even after a final judgment has been affirmed on appeal, it "must stand as a complaint subject to the defenses, set-offs, credits, and equities that a defendant may assert against any complaint once the parties' relationship has been completed and terminated, as only then may the real final judgment be made on *all of the merits* between the parties." In essence, it argues that section 12-183(g) may be utilized to prevent execution on a judgment where any other matter of dispute between the parties, even when unrelated to the merits of the original judgment, is asserted by the judgment debtor.

The import of the above authorities regarding the nature of *audita querela* is that such relief would prevent execution of a judgment where a matter of defense to the original action was not raised by the judgment debtor on account of the creditor's fraud or other misconduct. With regard to matters arising after judgment, the writ was available on account of such matters as discharge, payment, release or other matter entitling the judgment debtor to issuance of a satisfaction of judgment. There is no authority for defendant's position here which would treat a judgment as a matter akin to a complaint against which the judgment debtor may assert, virtually by way of counterclaim, new causes of action not reduced to judgment and not involving the same controversy presented by the original suit. No

court in any jurisdiction appears to have extended *audita querela* relief to encompass such a claim. (See 7 Am. Jur. 2d *Audita Querela* sec. 3 (1980).) The basis of Mink Ranch's petition pursuant to section 12-183(g) involves alleged conduct subsequent to the original judgment and does not allege relief is justified because of discharge, payment, or other such satisfaction. We conclude that section 12-183(g) is not available under the basis alleged in the petition here. The allegations of the petition, if actionable at all, may form the basis of a separate lawsuit only. For the foregoing reasons, this petition failed to state a basis for relief pursuant to section 12-183(g) and was properly dismissed.

Bender also has argued in her brief that this appeal should be dismissed as moot because the original judgment was satisfied by the bonding company which had secured the judgment pending the original appeal which was subsequently affirmed by this court. Although this contention might have merit, there is nothing of record to factually support this argument, nor has Bender sought to supplement the record or bring this fact before us by the express acknowledgement of both of the parties.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., and HOPF, J., concur.