ROBERT G. RAUSCHENBERGER *et al.*, Petitioners-Appellees v. BOARD OF EDUCATION, HERITAGE COMMUNITY UNIT SCHOOL DISTRICT No. 8, Successor to ABL Community School District No. 6, Respondent-Appellant (Regional Board of School Trustees of Champaign and Ford Counties *et al.*, Defendants-Appellees).

Fourth District   No. 4—91—0101

Opinion filed December 31, 1991.

John T. Taylor and Merry C. Rhoades, both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Decatur, for appellants.

Daniel J. Walsh, *pro se*, of Urbana, for appellees Daniel J. Walsh *et al.*

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Our decision here is controlled by the well-accepted legal principles that (1) in determining finality of decisions, civil law standards are applicable to administrative review (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249-50, 449 N.E.2d 843, 844-45); and (2) where a higher court renders a final decision and remands to another tribunal and a subsequent appeal is taken from the decision of that tribunal, the new appeal concerns only the question of whether the new disposition conforms to the mandate and the propriety of any decisions on issues left open by the mandate. (*Serbian Eastern Orthodox Diocese v. Milivojevich* (1979), 74 Ill. 2d 574, 387 N.E.2d 285; *People ex rel. Maeras v. Chicago, Burlington & Quincy R.R. Co.* (1967), 36 Ill. 2d 585, 224 N.E.2d 248.) Application of these principles prevents us, at this stage, from passing upon the merits of the dispute between the parties.

The case involves confusing questions of school law, administrative procedure, and appellate procedure. The State Board of Education approved a petition for Homer Community Consolidated School District (Homer) and Allerton-Broadlands-Longview School District (ABL) to seek voter approval to consolidate to form Heritage Community School District No. 8 (Heritage). The proposition met voter approval and the consolidation was set to begin with the 1989-90 school year. Prior to the election of a governing board for Heritage, petitioners, acting pursuant to section 7—2 of the School Code (Code) (Ill. Rev. Stat. 1989, ch. 122, par. 7—2), filed four petitions with the Regional Board of School Trustees of Champaign County on January 24, 1989. They sought detachment of certain land from Homer (and thus from Heritage). They requested the land be annexed to St. Joseph-Ogden High School District and one of two districts providing elementary schools. As Heritage was not yet fully organized, ABL filed objections to those petitions.

As we later explain, the provisions of section 7—2 of the Code required the petitions to be heard before the four regional boards of school trustees (regional boards) who are respondents here. Before that was done, one of the petitions was withdrawn. A majority of the members of each of the boards voted to grant the petitions. However, as subsequently explained, such a vote did not constitute a granting of the petitions, but an order mistakenly was entered granting the three petitions. On April 19, 1989, Heritage filed a petition in administrative review before the circuit court of Champaign County pursu-

ant to section 7—7 of the Code (Ill. Rev. Stat. 1987, ch. 122, par. 7—7). On December 13, 1989, the circuit court entered a judgment directing the regional boards to deny the petitions. Acting pursuant to the mandate of that order, the regional boards entered an order on January 29, 1990, denying the petitions. Then, on March 5, 1990, petitioners filed a petition in administrative review from that order in the circuit court of Champaign County. After a hearing, that court entered an order on November 16, 1990, setting aside the order entered by the regional boards on January 29, 1990, pursuant to the circuit court's earlier mandate. The circuit court then directed the regional boards to grant the requested change of boundaries.

The circuit court's decision of November 16, 1990, was based upon its consideration of the evidence before the regional boards and the court's determination their decision was contrary to the manifest weight of the evidence. Petitioners have appealed contending that the earlier December 13, 1989, judgment of the circuit court precluded its later consideration of the manifest weight of the evidence. We agree with petitioners. We conclude that in the second appeal, the circuit court was precluded from considering anything other than whether the regional boards had followed the mandate of its earlier judgment and entered the required order denying the petitions. Accordingly, we reverse.

■ The first confusing aspect of the case arises from the unique provisions of section 7—2 of the Code. Here, the boundaries of ABL go into four educational service regions. Section 7—2 of the Code requires that when a change of boundary is requested as to a district having land in multiple-educational service regions, the issue shall be decided by the regional boards for those regions and that change can be allowed only upon *"concurrent* action of \*\*\* the regional boards \*\*\* of *each region affected."* (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 122, par. 7—2.) The parties do not dispute that each of the regional boards involved had to separately approve the boundary change.

Section 6—18 of the Code states that "[u]nless otherwise provided a majority *vote of all* [of a regional] board *shall be required* to decide a measure." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 122, par. 6—18.) In *Calvert v. Board of Education of Elementary School District No. 14* (1963), 41 Ill. App. 2d 389, 190 N.E.2d 640, this court held that section 6—18 of the Code required a majority vote of an entire county board of school trustees to approve a boundary change. On this appeal, petitioners do not challenge that a majority vote of the

entire membership of each regional board was required to approve the proposed boundary change and that vote was not achieved.

Here, a majority of the entire membership of three of the four respondent regional boards approved the proposed boundary change. The Regional Board of School Trustees of Vermilion County had only four of its seven members present to vote on the petition and only three voted in favor of the change. Accordingly, the proposed boundary change failed to pass that regional board (*Calvert*, 41 Ill. App. 2d at 395, 190 N.E.2d at 643) and, thus, under the provisions of section 7—2 of the Code, the effect of the action of the combined regional boards was to deny the request for boundary change. The legislative format indicates a likely legislative intent that boundary changes not be granted easily, but misunderstanding as to the majority required may well have accounted for the fact that although a substantial majority of those voting in regard to the proposed boundary change approved the proposition, it did not pass. The confusion was compounded when the educational service region's superintendent acting as secretary for the regional boards interpreted the vote as being sufficient to allow the boundary change and entered an order on January 30, 1989, approving the boundary change. This is the order from which the first administrative review was taken.

On the first administrative review, Heritage maintained the order of the regional board granting the change (1) was contrary to the manifest weight of the evidence; (2) "contrary to law"; and (3) erroneous because the relief granted had not been approved by a majority vote by the entire membership of each of the regional boards. After a hearing, the circuit court entered an order on December 13, 1989, which contained the following decretal paragraph:

> "Accordingly, the joint orders of the various Regional Boards of School Trustees of Champaign and Ford Counties; Clark, Coles, Cumberland, Edgar, Moultrie and Shelby Counties; Douglas and Piatt Counties, and Vermilion County, granting Petition 1989, No. 1 (89—L—473); Petition 1989, No. 2 (89—L—475), and Petition 1988, No. 4 (89—L—474) are hereby REVERSED. These causes, and each of them, are hereby REMANDED to the Regional Board of School Trustees of Champaign and Ford Counties, with instructions that that Board enter an Order denying the petitions in each of these cases."

In another portion of its order, the circuit court explained its reasoning in these words:

"The Administrative Review Act confers powers of considerable breadth upon circuit courts, including the power to realign parties. (Ill. Rev. Stat. 1987, ch. 110, par. 3—111.) However, this power of realignment does not extend so far as to permit a total transmutation of the procedural posture of a cause of review. Circuit Court jurisdiction under the Act extends to review of final decisions, in this case the joint orders entered below. To reverse the orders on review, and then proceed to review the evidentiary basis of the resultant constructive denial of the petitions, would usurp the powers of the regional boards delegated by the legislature, and would far exceed the scope of those powers conferred upon me by the Act. In short, reversal of the orders on the instant grounds leaves the court nothing to review further."

■■ Under the court's theory, it was precluded from considering the petitioners' argument that the mistakenly entered order of the regional board granting which purported to grant the boundary change was correct because that outcome was required by the manifest weight of the evidence. By the court's reasoning, petitioners would have been better off if the form of the regional board's order had been against them, for then, clearly, they could have argued that decision was contrary to the manifest weight of the evidence. Illinois law is clear that a court order may be upheld on any grounds required by the record even though those grounds were not the ones which were the basis of the court's decision. (*Illinois Bell Telephone Co. v. Illinois Commerce Comm'n* (1953), 414 Ill. 275, 111 N.E.2d 329; *Harrison v. Kamp* (1946), 395 Ill. 11, 69 N.E.2d 261.) The foregoing rule is applicable also to review of administrative decisions. *Illinois Bell*, 414 Ill. 275, 111 N.E.2d 329; 2 Am. Jur. 2d *Administrative Law* §756, at 657 (1962).

■■ We conclude that on the first judicial review, the circuit court did have jurisdiction (1) to consider whether the regional board's decision which actually denied the boundary change was contrary to the manifest weight of the evidence, and (2) to uphold that order on that basis if that was so.

The December 13, 1989, judgment of the circuit court was a final judgment appealable pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301). The decretal portion thereof clearly disposes of the entire proceeding by directing an entry of an order denying the boundary change. The task left to be performed on remand was purely ministerial. In determining the finality and appealability of such an order on judicial review of an administrative decision " '[t]he ultimate question

to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.' " *Wilkey*, 96 Ill. 2d at 249, 449 N.E.2d at 844, quoting *Cory Corp. v. Fitzgerald* (1949), 403 Ill. 409, 415, 86 N.E.2d 363, 366.

Accordingly, when the regional boards later entered the mandated order and a new judicial review was taken to the circuit court, that court could then only consider whether the mandate of its earlier order had been followed. (*Wilkey*, 96 Ill. 2d 245, 449 N.E.2d 843; *Milivojevich*, 74 Ill. 2d 574, 387 N.E.2d 285; *Maeras*, 36 Ill. 2d 585, 224 N.E.2d 248.) On the second judicial review, the circuit court erred in considering whether the denial of the boundary changes was against the manifest weight of the evidence. Right or wrong, in the first judicial review the circuit court had indicated it did not have jurisdiction to consider the matter and no appeal was taken from that appealable judgment. The instant appeal cannot be deemed as being from the earlier circuit court judgment because the time for appeal from that judgment had long expired when the instant appeal was taken.

Petitioners maintain the original order of the regional boards was void because it was not responsive to the statutory requirement that the petitions could be allowed only upon a vote of a majority of all the members of each of the regional boards. We recognize that the jurisdiction of an administrative agency is limited by the authority granted by statute. (*Business & Professional People for the Public Interest v. Illinois Commerce Comm'n* (1989), 136 Ill. 2d 192, 243, 555 N.E.2d 693, 716.) However, not every deviation from statutory requirements deprives the agency of jurisdiction. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 485 N.E.2d 321.) In any event, here, regardless of whether the original order of the regional board was void, the circuit court had power to pass upon its validity and entered a judgment setting that order aside and directing the entry of an order conforming to the vote. That judgment of the circuit court was not void and that judgment and not the original regional boards' order is what prevents the circuit court from plenary review of the regional boards' mandated decision.

For the reasons stated, we reverse the November 16 judgment of the circuit court of Champaign County from which appeal is taken.

Reversed.

STEIGMANN and KNECHT, JJ., concur.